779 So.2d 532 (2000)
ITD INDUSTRIES, INC., a Florida corporation; and Joseph J. O'Brien, individually, Appellants,
v.
BUSINESS RESOURCE GROUP, INC., a Florida corporation, Appellee.
No. 2D99-4546.
District Court of Appeal of Florida, Second District.
December 15, 2000.
*533 Henry A. Stein and Phyllis J. Towzey, St. Petersburg, for Appellants.
Steven J. Chase and Kathleen M.P. Davis, Sarasota, for Appellee.
SALCINES, Judge.
ITD Industries, Inc., and Joseph J. O'Brien appeal the jury verdict which held them to be jointly and severally liable to Business Resource Group, Inc., for breach of a broker's engagement agreement. We hold that the trial court abused its discretion when it denied the jointly submitted request of the parties to present a jury instruction and verdict form on the issue of the individual liability of ITD and O'Brien. We affirm in part, reverse in part, and remand.
O'Brien founded ITD in 1973. In the early 1990's, O'Brien and ITD made the decision to sell the business. In June 1995, Business Resource Group ("Broker") agreed to locate a purchaser for the company and drafted a broker's engagement agreement. The agreement was presented to O'Brien, who at the time was the chairman and chief executive officer of the company. The agreement identified the company to be sold as ITD Industries, Inc., and set forth the company name, address, and telephone number. Directly thereunder was a signature line which stated "ACCEPTED BY" after which the signature of Joseph J. O'Brien appeared. O'Brien did not make a notation to indicate whether the agreement was signed by him in his representative capacity as chairman or CEO of ITD or whether the document was signed by O'Brien in his individual capacity.
Eventually, ITD was sold for more than $12 million to a purchaser who had been introduced to the company and O'Brien by the Broker. Under the terms of the agreement, the Broker was entitled to a broker's fee. When payment was not forthcoming, the Broker filed a complaint against ITD and O'Brien, individually, seeking the fee.
At trial, conflicting evidence was presented concerning the capacity in which O'Brien had signed the engagement agreement. At the time jury instructions were prepared, the parties jointly submitted proposed instructions and a verdict form to the trial court which required the jury to make a specific determination of individual liability with respect to ITD and O'Brien for the broker's fee. The trial court rejected the proposed instruction and verdict form and made a determination *534 that O'Brien had not signed the document in his corporate capacity. The trial court held that if there was liability under the agreement, O'Brien was individually liable for the broker's fee. The jury was presented with an instruction and verdict form that had been drafted by the trial court itself which delineated joint and several liability.
A trial court is afforded broad discretion in formulating appropriate jury instructions and its decision should not be reversed unless the error resulted in a miscarriage of justice or the instruction was reasonably calculated to confuse or mislead the jury. A decision to give or withhold a jury instruction is reviewed under an abuse of discretion standard. See Barton Protective Servs., Inc. v. Faber, 745 So.2d 968, 974 (Fla. 4th DCA 1999). In the present case, the trial court abused its discretion when it took a disputed issue of fact from the jury's consideration and refused to present the jointly submitted instruction and verdict form to the jury.
Accordingly, we affirm the award of $563,684.80 to the Broker and the jury finding that ITD is liable for that fee, but reverse the trial court's determination that O'Brien is liable for this sum individually. On remand, the issue of O'Brien's individual liability shall be presented to the trier of fact. As there was no other reversible error, in all other respects the judgment is affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings.
BLUE, A.C.J., and DAVIS, J., Concur.